■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARLTON, Appellant. [762 NYS2d 560] —Appeal from an order of Ontario County Court (Doran, J.), entered April 29, 2002, which determined that defendant is a level three risk under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), after defendant was convicted upon his plea of guilty of sodomizing one young boy and endangering the welfare of the boy's brother. Contrary to defendant's contention, County Court properly considered the case summary of the Board of Examiners of Sex Offenders (Board) recommending that risk level classification in making its risk level determination. Correction Law § 168-n (3) provides that the court "shall review * * * the recommendation and *any* materials submitted by the [B]oard" (emphasis added). Furthermore, defendant admitted at the SORA hearing that there were additional victims and thus confirmed the essential statements in the case summary.

Contrary to the further contention of defendant, we conclude that there is clear and convincing evidence, as required by Correction Law § 168-n (3) (*see People v Salaam*, 174 Misc 2d 726, 731 [1997]), that he established his relationships with the victims for the purpose of victimizing them. Defendant volunteered in many youth-oriented activities and, despite his contention that his motives were altruistic, the fact remains that defendant met his victims through those youth programs. The self-serving denial of defendant that he established relationships with young people for the purpose of victimizing them presented an issue of credibility for the court. Although the People may not have met their burden of establishing that factor, that is of no moment where, as here, the Board and defendant " 'suppl[ied] [the] deficiency in the People's case' " (*People v Bridges*, 294 AD2d 913, 914 [2002], quoting *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.