**The People of the State of New York, Respondent, v Greg A. Garno, Appellant.** [775 NYS2d 651]—Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered September 3, 2002. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony (two counts) and driving while ability impaired by drugs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed for reasons stated in decision at suppression court. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.

**The People of the State of New York, Respondent, v Freeman Billingsley, Appellant.** [775 NYS2d 652]—

Appeal from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), entered July 24, 2000. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was convicted, upon pleas of guilty, of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]) and endangering the welfare of a child (§ 260.10 [1]) arising from two separate incidents involving different victims. Supreme Court properly adopted the recommendation of the Board of Examiners of Sex Offenders (Board) in determining defendant's risk level. Although defendant's final score of 85 on the risk assessment instrument placed defendant in the level two risk category, the Board nevertheless recommended that he be assessed at the level three risk category based on his conviction of endangering the welfare of a child (*see generally People v Roland,* 292 AD2d 271, 272 [2002], *lv denied* 98 NY2d 614 [2002]). It was within the court's discretion to adopt that recommendation, based upon clear and convincing evidence of the facts in support thereof (*see* Correction Law § 168-n [3]; *People v Carlton,* 307 AD2d 763 [2003]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.