THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILL JONES, Appellant. [789 NYS2d 382]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered October 7, 2003. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order classifying him as a level three sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant was convicted upon an *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]) of sexual abuse in the first degree (Penal Law § 130.65 [1]) and rape in the third degree (§ 130.25 [2]). We reject the contention of defendant that County Court improperly found that he had admitted the element of forcible compulsion. During the plea colloquy, the court placed upon the record the consequences of the plea, including the need for sex offender classification (*see People v Price*, 234 AD2d 978, 979 [1996], *lv denied* 90 NY2d 862 [1997]; *People v Alfieri*, 201 AD2d 935 [1994], *lv denied* 83 NY2d 908 [1994]), and the prosecutor placed upon the record the proof that the People intended to offer at trial, including proof of forcible compulsion relative to the conviction of sexual abuse in the first degree. Although defendant did not admit guilt as part of the *Alford* plea, the evidence was elicited at the time of the entry of the plea of guilty, hence it was deemed established for the purposes of SORA classification (*see* Correction Law § 168-d [3]; *see also Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]).

We reject the further contention of defendant that the court erred in admitting certain documents into evidence at the SORA hearing, including statements by the victim and defendant and grand jury testimony. Defendant's contention that the documents were not admissible because they were not authenticated is raised for the first time on appeal and thus is not preserved for our review (*see People v Hobbs*, 178 AD2d 1017 [1991], *lv denied* 79 NY2d 1002 [1992]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have considered the remaining contentions of defendant and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.