THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON A. TERRILL, Appellant. [808 NYS2d 869]—

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered April 19, 2004. The appeal was held by this Court by order entered April 29, 2005, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (17 AD3d 1045 [2005]). The proceedings were held and completed.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to the contention of defendant, County Court's determination of his risk level is supported by clear and convincing evidence (*see* § 168-n [3]). In assessing points for sexual intercourse on the risk assessment instrument, the court was entitled to rely on the statement of the nine-year-old victim unequivocally setting forth that there was vaginal penetration (*see generally People v Wroten*, 286 AD2d 189, 199-200 [2001], *lv denied* 97 NY2d 610

[2002]). Although defendant submitted medical evidence in support of his contention that he suffers from erectile dysfunction and therefore was physically unable to penetrate the vagina of the victim, we nevertheless conclude that the court was entitled to credit the statement of the victim that there was vaginal penetration (*see generally People v Carlton*, 307 AD2d 763, 764 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.