■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ROMANA, Appellant. [825 NYS2d 870]—

Appeal from an order of the Supreme Court, Monroe County (John J. Brunetti, A.J.), dated February 4, 2005. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining

that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). On May 7, 1993, defendant was convicted, upon his guilty plea, of rape in the second degree for engaging in sexual intercourse with a 13-year-old girl. Upon his release from jail in 1996, defendant was classified a level three sex offender. In accordance with the stipulation of settlement in *Doe v Pataki* (427 F Supp 2d 398 [2006]), a redetermination hearing was held. Contrary to defendant's contention, Supreme Court's determination that defendant is a level two risk is based upon clear and convincing evidence (*see generally* Correction Law § 168-n [3]). The evidence established that defendant courted the victim and engaged in sexual intercourse with her after learning that she was 13 years old. Moreover, the self-serving denial of defendant that he established the relationship for the purpose of victimizing the victim presented an issue of credibility for the court (*see People v Carlton*, 307 AD2d 763 [2003]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.