■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW D. LAROCK, Appellant. [846 NYS2d 685]—

Mercure, J.P. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered November 27, 2006, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In October 2006, defendant pleaded guilty to a superior court information charging him with two counts of rape in the third degree under Penal Law § 130.25 (2). He was thereafter sentenced to 180 days of incarceration and 10 years of probation. The Board of Examiners of Sex Offenders submitted a risk level assessment instrument to County Court pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) with a score of 115 points, presumptively classifying defendant as a risk level three sex offender, with no departure recommended. After hearing argument on the matter at sentencing, County Court adopted the Board's recommendation, classifying defendant as a risk level three sex offender. Defendant now appeals.

As an initial matter, the burden is on the prosecution to establish the proper risk level classification by clear and convincing evidence (see Correction Law § 168-n [3]; People v Lesch, 38 AD3d 1129, 1130 [2007], lv denied 8 NY3d 816 [2007]). The court may consider reliable hearsay evidence including the risk level assessment instrument, case summary and presentence investigation report to determine the proper classification (see People v Whaley, 38 AD3d 1106, 1107 [2007]; People v Dickison, 24 AD3d 980, 981 [2005], lv denied 6 NY3d 709 [2006]). While County Court is authorized to depart from the presumptive risk level based upon the facts in the record, the question of whether mitigating factors exist which warrant a reduction is within the sound discretion of the court to decide (see People v Warren, 42 AD3d 593, 594 [2007]).

In this case, defendant disputes the assessment of 10 points for forcible compulsion, arguing that he was not prosecuted on a charge containing the element of forcible compulsion, that he has consistently maintained that the sex with the victims was consensual and that the hearsay statements of the victim who claimed he used forcible compulsion are not reliable. Pursuant to Correction Law § 168-n (3), the trial court is not limited to the crime of conviction and may consider the circumstances of the underlying crime, as well as "any victim's statement and any relevant materials" (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006];

*People v Lovelace,* 39 AD3d 728, 728 [2007], *lv denied* 9 NY3d 803 [2007]). Based upon the presentence investigation, we find the imposition of 10 points for forcible compulsion to be supported by clear and convincing evidence (*see People v Cantrell,* 37 AD3d 1183, 1184 [2007], *lv denied* 8 NY3d 812 [2007]). Moreover, with regard to defendant's challenge to the points assessed under the category of release supervision, we note that, even were this Court to accept his challenge to those five points, defendant's risk assessment score would still place him in the risk level three classification (*see People v Ashley,* 19 AD3d 882, 883 [2005]). In short, there is no indication that County Court abused its discretion in denying defendant's request for a downward departure from the presumptive risk level.

Finally, while defendant argues that County Court should have adjourned the hearing until certain further information became available, defendant failed to request an adjournment for this purpose. Thus, the issue is not preserved for appellate review (*see People v Ryan,* 38 AD3d 1055, 1055 [2007]; *People v Ebert,* 18 AD3d 963, 964 [2005]).

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.