■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE CAREY, Appellant. [850 NYS2d 260]—

Peters, J. Appeals (1) from an order of the County Court of Albany County (Breslin, J.), entered July 12, 2006, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act, and (2) from an order of said court, entered September 11, 2006, which denied defendant's motion to withdraw his consent to a risk level two designation pursuant to the Sex Offender Registration Act.

In 1983, defendant was convicted of two counts of promoting prostitution in the second degree and one count of promoting prostitution in the third degree. He was sentenced to an aggregate term of imprisonment of $7^1/_3$ to 22 years and was paroled in 1990. In 1992, he was convicted of, among other things, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. Defendant was sentenced to a prison term of 15 to 30 years, and he was required to also serve the remainder of his 1983 sentence.

In 2006, as defendant was to be paroled, he received notification that he was to be assessed and assigned a final sex offender risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law art 6-C). He appeared before County Court with counsel, waived a hearing and stipulated to a risk level two assessment. When he later moved to withdraw the waiver and consent, County Court denied his motion. Defendant appeals from the order assessing him as a risk level two sex offender, as well as from the denial of his motion to withdraw.

Defendant contends that the requirement that he register under SORA violates both his substantive due process rights and his rights under the Equal Protection Clause because he is being released as a drug offender, not a sex offender. The People contend that he is subject to SORA through the application of Penal Law § 70.30 (1) (a) and (b).

By statute, all individuals convicted of a sex offense who are on parole, on probation or incarcerated and serving a sentence for such offense as of January 21, 1996 are subject to SORA (*see* Correction Law §§ 168-f, 168-g). Effective January 1, 2000, promoting prostitution in the second degree became a sex offense, thereby triggering SORA's registration requirements. SORA applied to any person convicted of such offense who had not completed the service of his or her sentence as of that date (*see* L 1999, ch 453, § 29). As defendant was sentenced to an aggregate term of imprisonment of 7¹/₃ to 22 years for the crimes of promoting prostitution in the second and third degrees in 1983, his maximum sentence would not have been served until 2005. Thus, he is subject to SORA.

We further reject defendant's assertion of ineffective assistance of counsel. Viewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation. He and his counsel were aware that the Board of Examiners of Sex Offenders had recommended that he be assessed as a risk level three sex offender. In light of the evidence which could have been presented in support of the proposed risk level, the stipulation reached was not inappropriate.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.