■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY J. RICHARDS, Appellant. [857 NYS2d 256]—

Stein, J. Appeal from an order of the County Court of Broome County (Mathews, J.), entered May 3, 2007, which classified de-

fendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to incest and subsequently served an unspecified period of time in a local jail. In conjunction therewith, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in which defendant was assigned 155 points. At the hearing that ensued, defendant successfully challenged the points assessed for risk factors 11 (drug or alcohol abuse), 12 (acceptance of responsibility) and 14 (release without supervision), reducing his risk assessment score to 115, which presumptively classified him as a risk level three sex offender. Upon finding that no departure from the risk level assessment was warranted, County Court classified defendant as a risk level three sex offender, prompting this appeal.

Defendant challenges the 10 points assessed for forcible compulsion, as well as the 20 points assessed for a continuing course of sexual misconduct, primarily contending that the single act of incest to which he pleaded guilty and the victim's statement regarding the force allegedly threatened are insufficient to warrant the imposition of the assigned points. We cannot agree. The case summary, presentence investigation report, incident report, investigation notes and the victim's sworn statement to the police, all of which were properly considered by County Court (*see People v LaRock*, 45 AD3d 1121, 1122 [2007]; *People v Dominie*, 42 AD3d 589, 590 [2007]), provide clear and convincing evidence (*see* Correction Law § 168-n [3]) that defendant used forcible compulsion, i.e., threats, to compel the victim's compliance (*see People v Pratt*, 42 AD3d 592 [2007]). We reach a similar conclusion regarding the points assessed for a continuing course of sexual misconduct, as the record reflects that the April 2005 incident that formed the basis for defendant's guilty plea was neither the first nor the only sexual encounter between defendant and the victim. Finally, based upon our review of the record as a whole, we cannot say that County Court abused its discretion in determining that there were no circumstances warranting a downward departure from the presumptive classification (*see People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]).

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.