■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES IRELAND, Appellant. [857 NYS2d 849]—

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered January 25, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*) following a redetermination hearing conducted in accordance with the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]). Defendant was presumptively classified as a level three risk based upon the total risk factor score on the risk assessment instrument prepared by the Board of Examiners of Sex Offenders (Board) for his redetermination hearing, and County Court adopted the Board's recommendation.

We agree with defendant that the court's assessment of 10 points for his alleged failure to accept responsibility for the acts underlying his conviction is not supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown*, 7 AD3d 831, 832 [2004]). The record establishes that the court relied on statements in the presentence report prepared in 1987, the year in which he was convicted of the sex crime in question, to establish that defendant failed to accept responsibility for his crime. At the redetermination hearing in 2005, however, defendant presented uncontroverted evidence that he had completed a sex offender treatment program during his release on parole, and at the hearing he appeared to accept responsibility for the acts underlying the conviction of that sex crime. After reducing the total risk factor score by 10 points, defendant is properly classified as a level two risk. We therefore modify the order accordingly. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.