■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE FEENEY, Appellant. [871 NYS2d 340]—

Appeal by the defendant from an order of the County Court, Westchester County (Loehr, J.), dated July 9, 2007, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant argues that the County Court improperly assessed him points for "forcible compulsion" since this was not an element of the underlying crime of which he was convicted (*see* Penal Law § 130.40 [3]). However, the court was not limited to considering only the crime of which the defendant was convicted in making its determination (*see* Correction Law § 168-n [3]; *People v LaRock*, 45 AD3d 1121 [2007]). Moreover, in making the relevant determination of a sex offender's risk level designation, "the court shall review any victim's statement" (Correction Law § 168-n [3]). Here, contrary to the defendant's contention, the victim's statement provided the necessary basis to assess him points under risk level factor 1, "forcible compulsion," as well as under risk level factor 4, "continuing course of sexual misconduct" (*see People v Richards*, 50 AD3d 1329 [2008]; *People v Ruddy*, 31 AD3d 517 [2006]).

The defendant properly was assessed 15 points based upon his conviction of a prior nonviolent felony (*see People v Smith*, 35 AD3d 693 [2006]; *People v Wroten*, 286 AD2d 189 [2001]). The court also correctly determined that the defendant had failed to accept responsibility for his actions based upon his repeated failure to complete substance abuse rehabilitation programs while incarcerated (*see People v Mercado*, 55 AD3d 583 [2008], *lv denied* 11 NY3d 714 [2008]; *People v Palladino*, 46 AD3d 864 [2007]; *People v Lewis*, 37 AD3d 689 [2007]).

Accordingly, there was clear and convincing proof to warrant the assessment of 100 points against the defendant, thus rendering him a presumptive level two sex offender. Since there was insufficient evidence of any mitigating factor of a kind or degree, not otherwise adequately taken into account by the Sex Offender Registration Act guidelines, which would have justified a downward departure from this risk level, the court properly designated the defendant a level two sex offender, and its determination will not be disturbed (*see* Correction Law § 168-n [3]; *People v Marin*, 48 AD3d 535 [2008]; *People v Morris*, 33 AD3d

778 [2006]). Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.