■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JORDAN, Appellant. [879 NYS2d 260]—

Garry, J. Appeal from an order of the County Court of Rensselaer County (Jacon, J.), entered May 14, 2008, which classified defendant a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2006, defendant pleaded guilty to two counts of course of sexual conduct against a child in the second degree and received a prison sentence. With his release from prison nearing, the Board of Examiners of Sex Offenders assessed defendant as a risk level two sex offender under the terms of the Sex Offender Registration Act (*see* Correction Law art 6-C). County Court ultimately classified defendant as a risk level three sex offender, agreeing with the People that additional points should have been added to defendant's risk factor score due to his use of forcible compulsion in the commission of his crimes (*see e.g. People v Dorato*, 291 AD2d 580, 580-581 [2002]). Defendant appeals.

We affirm. Initially, we reject defendant's argument that County Court failed to set forth its findings of fact and conclusions of law on the record. Defendant did not dispute any of the risk factor points assessed by the Board, even after it became clear that the People sought to add additional points, and he consented to a risk level two classification. As such, any issue regarding County Court's failure to address those risk factors in

detail is not properly before us (*see People v Tilley*, 305 AD2d 1041, 1041 [2003], *lv denied* 100 NY2d 588 [2003]). Defendant did dispute the assessment of additional points, but the court fully explained on the record its decision in that regard. As "the court's oral findings are clear, supported by the record and sufficiently detailed to permit intelligent appellate review," remittal is unnecessary (*People v Roberts*, 54 AD3d 1106, 1106-1107 [2008], *lv denied* 11 NY3d 713 [2008]).

Turning to the merits, defendant's use of forcible compulsion must be demonstrated by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]). A victim's age alone does not permit a finding of forcible compulsion (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [2006]). Instead, the existence of forcible compulsion depends upon the victim's state of mind, "and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]; *see* Penal Law § 130.00 [8]).

The People relied upon the notes from an investigator's interview with the victims, which were properly considered (*see People v Richards*, 50 AD3d at 1330; *People v Hegazy*, 25 AD3d 675, 676 [2006]). Defendant was significantly older than both victims and was their uncle and babysitter. The victims stated that defendant threatened to keep them from going outside, lock them outside, ground them or confine them to their rooms if they refused to engage in sexual acts. In at least one instance, defendant made good on his threats. County Court properly determined from these circumstances that defendant overcame the victims' resistance by forcible compulsion and we perceive no error in its assessment of defendant as a risk level three sex offender (*see People v Sehn*, 295 AD2d at 750-751; *People v Dehler*, 216 AD2d 643, 644-645 [1995], *lv denied* 86 NY2d 734 [1995]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.