■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LEGALL, Appellant. [883 NYS2d 318]—

Spain, J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered August 1, 2006, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 1999, while under parole supervision for a prior criminal offense, defendant, then age 19, admittedly engaged in sexual intercourse with a 13-year-old girl at his residence. He subsequently pleaded guilty to rape in the second degree and was sentenced, as a second felony offender, to a prison term of 2 to 4 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instru-

ment which presumptively classified defendant as a risk level three sex offender (115 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board, however, based upon defendant's satisfactory participation in sex offender and substance abuse programming, as well as record evidence indicating that defendant's sexual abuse did not involve forcible compulsion, recommended a downward departure to risk level two sex offender status. Following a risk assessment hearing at which the People advocated that defendant be classified as a level two sex offender based upon their assignment of 105 points, defendant was classified by County Court as a risk level two sex offender. On this appeal, defendant asserts that County Court inappropriately assessed points under several categories on the risk assessment instrument and that his counsel was ineffective for failing to challenge such assessments.

We disagree and affirm. In determining whether the prosecution has met its burden of establishing a defendant's proper risk level classification by clear and convincing evidence, County Court may consider reliable hearsay evidence, including the presentence investigation report, case summary and statements made by the victim (*see People v Longtin*, 54 AD3d 1110, 1110 [2008], *lv denied* 11 NY3d 714 [2008]; *People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]). Here, notwithstanding the Board's recommendation to credit defendant with accepting responsibility for his crime based upon his satisfactory completion of a sex offender program, defendant informed his presentence investigator that the victim's allegations were a "plot to end [his] life" and denied having engaged in inappropriate sexual contact with her. Consequently, County Court was not bound by the Board's "recommendation" (Correction Law § 168-l [6]) on this factor (*see People v Arotin*, 19 AD3d 845, 847 [2005]), and we find no basis to disturb the court's assignment of 10 points for defendant's failure to accept responsibility for his crime (*see People v Dubuque*, 35 AD3d 1011, 1011 [2006]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15-16 [2006]).

Similarly, despite the fact that defendant underwent treatment while incarcerated, County Court's assessment of 15 points for defendant's drug and alcohol abuse is supported by clear and convincing evidence. Indeed, defendant admitted to smoking marihuana on a daily basis—even while under parole supervision—prior to being incarcerated and denied that such usage was indicative of drug dependency (*see People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]).

Further, defendant asserts that County Court's 25-point as-

sessment for "sexual contact with the victim" warrants a downward departure inasmuch as "the victim's lack of consent is due only to [her] inability to consent by virtue of age" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]). We note, however, that the victim's statement summarized in the case summary and the presentence report indicated that on multiple occasions defendant, who had a loaded gun at his residence, initiated sexual intercourse with her without her consent while she was sleeping and that she pretended to remain asleep throughout such encounters. Based on the foregoing, we are not at all persuaded that "scoring 25 points in this category results in an over-assessment of [defendant's] risk to public safety" so as to render a downward departure appropriate (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]). Likewise, defense counsel's failure to challenge such assessments did not constitute ineffective assistance and the order classifying defendant as a risk level two sex offender is affirmed (*see People v Carey*, 47 AD3d 1079, 1080 [2008], *lv dismissed* 10 NY3d 893 [2008]; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]).

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.