■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MILLER, Appellant. [916 NYS2d 331]—

Kavanagh, J. Appeal from an order of the County Court of Rensselaer County (Jacon, J.), entered November 24, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In 2007, defendant pleaded guilty to rape in the third degree in Albany County Court and rape in the second degree in Rensselaer County Court and received concurrent sentences resulting in an aggregate prison term of 2 to 4 years. The charges in both counties stemmed from defendant having sexual intercourse with his stepdaughter between 2002 and 2004, beginning when the victim was 14 years old. In connection with defendant's release from prison, the Board of Examiners of Sex Offenders submitted a risk assessment instrument to Rensselaer County Court pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) with a score of 115 points, presumptively classifying defendant as a risk level three sex offender. Following a hearing, County Court adopted the Board's

recommendation and classified defendant as a risk level three sex offender. Defendant now appeals.

Defendant contends that his risk level three status should be reduced to risk level two status due to County Court improperly assessing him 10 points for using forcible compulsion under risk factor 1. We disagree. It is the People's burden to establish the risk level assessment by clear and convincing evidence (*see People v Parker*, 62 AD3d 1195, 1196 [2009], *lv denied* 13 NY3d 704 [2009]) and, in determining the proper sex offender risk assessment level, County Court may consider reliable hearsay evidence, including sworn statements made by the victim to police (*see People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]; *People v Richards*, 50 AD3d 1329, 1330 [2008], *lv denied* 10 NY3d 715 [2008]).

The determination regarding forcible compulsion must be viewed through the state of mind of the victim, "considering all relevant factors includ[ing] the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Texidor*, 71 AD3d 1190, 1193 [2010], *lv denied* 14 NY3d 893 [2010] [internal quotation marks and citations omitted]; *see People v Jordan*, 62 AD3d 1176, 1177 [2009]). The victim here was 14 years old at the time defendant, her 41-year-old stepfather, first had sexual intercourse with her. She stated to the police that defendant would knock on her bedroom door and, if she refused to have sex with him, he would grab her by the arm, pull her out of her room and take her downstairs to have sex, and he would hold her shoulders if she tried to get away. In view of this, we find that clear and convincing evidence supports County Court's finding that defendant used forcible compulsion to compel the victim's compliance (*see People v Jordan*, 62 AD3d at 1177; *People v LaRock*, 45 AD3d 1121, 1122-1123 [2007]). Finally, based upon our review of the record, we find no mitigating circumstances that were not adequately accounted for by the risk assessment guidelines that would justify a downward departure from defendant's risk level three classification (*see People v Lockett*, 67 AD3d 1266, 1267 [2009], *lv denied* 14 NY3d 708 [2010]; *People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]).

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.