■ The People of the State of New York, Respondent, v Paul E. Turnbull, Appellant. [918 NYS2d 741]—

Rose, J.

Defendant pleaded guilty to possessing a sexual performance by a child and a probation violation petition in 2008, and was sentenced to an aggregate prison term of $1^1/_2$ to 3 years. As his release from prison neared, the Board of Examiners of Sex Offenders prepared a risk assessment instrument determining that defendant's risk factor score warranted his classification as a risk level one sex offender. However, the Board noted defendant's prior conviction for possessing a sexual performance by a child, which constituted an override factor and presumptively subjected him to a risk level three classification (see Correction Law § 168-a [7] [c]; § 168-n [1]). County Court classified defendant as a risk level three predicate sex offender after a hearing, and defendant now appeals.

We affirm. Defendant does not dispute that his prior conviction constituted an override factor giving rise to a presumptive risk level three classification, but instead claims that a downward departure is appropriate. That argument is not properly before us, as defendant not only declined to appear for the hearing before County Court despite being aware of the Board's recommendation, but defense counsel indicated that defendant did not challenge the override resulting in the risk level assessment (see People v Gilbert, 78 AD3d 1584, 1585-1586 [2010], lv denied 16 NY3d 704 [2011]; People v Jordan, 62 AD3d 1176, 1176-1177 [2009]). In any event, the record is devoid of proof that a downward departure is appropriate (see People v Williamson, 73 AD3d 1398, 1399 [2010]; People v Johnson, 46 AD3d 1032, 1033 [2007]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.