# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

554

KA 09-00167

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT J. LAW, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered December 15, 2008. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act following a redetermination hearing.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Defendant failed to preserve for our review his contention that he should not have been assessed 10 points under risk factor 1, for the use of forcible compulsion (*see generally People v Smith*, 17 AD3d 1045, *lv denied* 5 NY3d 705). In any event, that contention lacks merit inasmuch as defendant pleaded guilty to sexual abuse in the first degree under Penal Law § 130.65 (1), a necessary element of which is that he acted with forcible compulsion. Because "[f]acts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" for purposes of a SORA determination (Correction Law § 168-n [3]), County Court properly assessed points for the use of forcible compulsion.

Defendant further contends that the court erred in assessing 25 points under risk factor 2 on the ground that he engaged the victim in sexual contact consisting of "sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual abuse." We reject that contention. The court's finding under that risk factor was based on the victim's statement to the police, in which she indicated that one of the instances of abuse by defendant involved an act of sexual intercourse. The court was required to review the victim's statement (*see* Correction Law § 168-n [3]), and thus the court received the

requisite clear and convincing evidence to support the assessment of 25 points under risk factor 2 (*see generally id.*). To the extent that defendant contends that the absence of any indicted charges alleging acts of intercourse constituted "strong evidence that [such] offense [conduct] did not occur" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]), we note that defendant could not have been charged for such conduct in New York because it allegedly occurred in Texas (*see* CPL 20.20).

Because defendant's evidentiary objection to a letter written by the victim was made on a different ground than the "unreliable hearsay" ground he raises on appeal, his contention that the court erred in admitting that letter in evidence is not preserved for our review. In any event, defendant's present contention lacks merit. The court was required to consider the letter because it constituted a "victim's statement" within the meaning of Correction Law § 168-n (3). Moreover, the letter constituted "reliable hearsay" (*id.*) because, although it was unsworn, it was not "equivocal, inconsistent with other evidence, or . . . dubious in light of other information in the record" (*People v Mingo*, 12 NY3d 563, 577). Indeed, inasmuch as the letter was a "victim's statement" and "reliable hearsay," the court was not "free to disregard it" (*id.; see* § 168-n [3]).

Entered: April 27, 2012                    Frances E. Cafarell
                                           Clerk of the Court