# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

407

KA 13-00967

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES R. WILSON, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Steuben County Court (Joseph W. Latham, J.), entered June 7, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not err in assessing 10 points under risk factor 12 in the risk assessment instrument, for defendant's failure to accept responsibility for his crime. Defendant entered an *Alford* plea, which was not an admission of guilt (*see People v Hazen*, 47 AD3d 1091, 1092; *People v Donhauser* [appeal No. 1], 37 AD3d 1053, 1053, *lv denied* 8 NY3d 815), and he thereafter "minimized the underlying sexual offense and . . . denied that he performed the criminal sexual act which formed the basis for the conviction" during an interview with the Probation Department (*People v Farrice*, 100 AD3d 976, 977, *lv denied* 20 NY3d 859). Although defendant participated in a sex offender treatment program while incarcerated, he denied the acts underlying his conviction at the subsequent SORA hearing (*see People v Johnson*, 85 AD3d 889, 889, *lv denied* 17 NY3d 718; *cf. People v Ireland*, 50 AD3d 1592, 1593). We thus conclude that the People established by clear and convincing evidence that defendant "fail[ed] to genuinely accept responsibility for his conduct 'as required by the risk assessment guidelines' " (*Johnson*, 85 AD3d at 889).

Contrary to the further contention of defendant, the court properly assessed 20 points against him under risk factor 4, for "duration of offense conduct with victim." The People met their burden of proving that "defendant engaged in two acts of sexual

intercourse with the victim and that such 'acts [were] separated in time by at least 24 hours' " (*People v Wood*, 60 AD3d 1350, 1351, quoting Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 10; *see generally* Correction Law § 168-n [3]). Defendant failed to preserve for our review his contention that he should not have been assessed 25 points under risk factor 2, for sexual contact with the victim (*see generally People v Smith*, 17 AD3d 1045, 1045, *lv denied* 5 NY3d 705).  In any event, that contention lacks merit inasmuch as the People presented reliable hearsay evidence, in the form of the victim's statement (*see* § 168-n [3]), that defendant had engaged in sexual intercourse with the victim (*see People v Law*, 94 AD3d 1561, 1562, *lv denied* 19 NY3d 809).  To the extent that defendant contends that the court improperly assessed 10 points pursuant to risk factor 1, for the use of violence, because forcible compulsion was not an element of the crime of which he was convicted, it is well settled that "the court was not limited to considering only the crime of which . . . defendant was convicted in making its determination" (*People v Feeney*, 58 AD3d 614, 615; *see People v Stewart*, 63 AD3d 1588, 1588, *lv denied* 13 NY3d 704). Finally, we conclude that the presentence report and the victim's statement provided the requisite clear and convincing evidence of forcible compulsion (*see Stewart*, 63 AD3d at 1588).

Entered:  May 9, 2014                     Frances E. Cafarell
                                          Clerk of the Court