# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1000
KA 13-01450
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DENNIS J. SINCERBEAUX, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (JACQUELINE MCCORMICK OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Dennis M. Kehoe, J.), dated May 6, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 30 points under risk factor 9 because his prior conviction of endangering the welfare of a child was nonsexual in nature. We reject that contention and conclude that " '[i]t was within the court's discretion to [classify defendant as a level three risk] . . . based upon clear and convincing evidence of the facts in support thereof' " (*People v Foster*, 13 AD3d 1117, 1118; *see People v Catchings*, 56 AD3d 1181, 1182, *lv denied* 12 NY3d 701; *People v Billingsley*, 6 AD3d 1170, 1170, *lv denied* 3 NY3d 605).

We reject defendant's further contention that the court erred in crediting the statements of the victim when assessing points under risk factor 1, for defendant's use of forcible compulsion, and risk factor 5, for the age of the victim. The People presented "reliable hearsay evidence, in the form of the victim's statement . . . ," that she was 13 years old when the sexual abuse began and that defendant had used forcible compulsion (*People v Wilson*, 117 AD3d 1557, 1558; *see People v Law*, 94 AD3d 1561, 1563, *lv denied* 19 NY3d 809). Furthermore, the victim's statement was corroborated by the statement of her sister, and we therefore conclude that the court did not err in resolving the credibility issue in favor of the People (*see People v Terrill*, 26 AD3d 846, 846-847, *lv denied* 7 NY3d 701). Finally, "[t]o the extent that defendant contends that the court improperly assessed

10 points pursuant to risk factor 1, for the use of violence, because forcible compulsion was not an element of the crime of which he was convicted, it is well settled that 'the court was not limited to considering only the crime of which . . . defendant was convicted in making its determination' " (*Wilson*, 117 AD3d at 1558).

Entered: October 3, 2014                                    Frances E. Cafarell
                                                            Clerk of the Court