■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STRZELECKI, Appellant. [999 NYS2d 760]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 27, 2014, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4 for continuing course of sexual misconduct (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). The County Court was not limited to considering only the crimes of which the defendant was convicted in making its determination (*see* Correction Law § 168-n [3]; *People v Wilson*, 117 AD3d 1557, 1558 [2014]; *People v Feeney*, 58 AD3d 614, 615 [2009]; *People v LaRock*, 45 AD3d 1121, 1122 [2007]). The County Court also correctly assessed 30 points under risk factor 5 because the victim was less than 10 years old at the time of the subject sexual abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]), and 20 points under risk factor 6 where, as here, the victim was asleep at the beginning of the sexual assault and, thus, physically helpless (*see* Penal Law § 130.00 [7]; *People v Richardson*, 101 AD3d 837, 838 [2012]; *People v Duff*, 96 AD3d 1031 [2012]; *People v Howell*, 82 AD3d 857 [2011]). Further, the County Court properly denied the defendant's request for a downward departure from the presumptive level two designation (*see People v Gillotti*, 23 NY3d 841, 845, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 131 [2011]). Accordingly, the County Court properly designated the defendant a level two sexually violent offender. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.