■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOWARA, Appellant. [9 NYS3d 390]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated September 27, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The County Court, in performing its risk level assessment pursuant to the Sex Offender Registration Act (Correction Law art 6-C), assessed 10 points against the defendant based on his use of forcible compulsion against the complainant. Although forcible compulsion was not an element of the offense to which the defendant pleaded guilty (*see* Penal Law § 130.25 [2]), a written statement given to the police by the complainant provided clear and convincing evidence (*see* Correction Law § 168-n [3]) that the defendant used "physical force" (Penal Law § 130.00 [8]) to compel the complainant to engage in sex acts with him. The court was not limited to considering the crime of which the defendant was convicted or the admissions he made upon pleading guilty, and it properly relied on the complainant's statement (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571-572 [2009]; *People v Johnson*, 77 AD3d 548, 548-549 [2010]; *People v Feeney*, 58 AD3d 614, 615 [2009]; *People v LaRock*, 45 AD3d 1121, 1122 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).

Accordingly, the County Court properly assessed 10 points against the defendant based on his use of forcible compulsion against the complainant (*see People v Johnson*, 77 AD3d at 548-549; *People v Feeney*, 58 AD3d at 615; *People v LaRock*, 45 AD3d at 1122-1123). With those 10 points included in his risk assessment score, the defendant was properly designated a level two sex offender. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.