# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**439**
**KA 16-00370**
PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DARWIN ZUNIGA-ROCHA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated August 21, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that the People failed to establish his risk level by clear and convincing evidence. We reject that contention. Defendant was convicted upon his *Alford* plea of sexual abuse in the first degree (Penal Law § 130.65 [1]). During the plea colloquy, County Court placed on the record the conditions upon which the plea was entered, including the need for defendant to be classified as a sex offender, and the prosecutor placed on the record the proof that the People intended to offer at trial. We reject defendant's contention that, inasmuch as he did not admit guilt during the plea colloquy, the court erred in relying upon the evidence set forth by the prosecutor. "Although defendant did not admit guilt as part of the *Alford* plea, the evidence was elicited at the time of the entry of the plea of guilty, [and thus] it was deemed established for the purposes of SORA classification" (*People v Jones*, 15 AD3d 929, 930). We note in any event that the court also relied upon the victim's grand jury testimony and her supporting deposition. It is well settled that, in making a SORA determination, "a court may consider reliable hearsay, including grand jury testimony" (*People v Jewell*, 119 AD3d 1446, 1447, *lv denied* 24 NY3d 905), and a victim's sworn deposition (*see People v Witherspoon*, 140 AD3d 1674, 1675, *lv*

*denied* 28 NY3d 905).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court