People v Leach (2018 NY Slip Op 00937)





People v Leach


2018 NY Slip Op 00937


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1409 KA 16-00534

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND L. LEACH, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Michael F. Pietruszka, A.J.), entered March 29, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 15 points for inflicting physical injury because there was no corroboration of the victim's "largely unsubstantiated" and "vague" complaints of pain and thus no injury rising to the Penal Law definition of physical injury. That contention is not preserved for our review inasmuch as defendant's objection to the points assessed for physical injury at the SORA hearing "was made on a different ground than the [insufficient evidence] ground he raises on appeal" (People v Law, 94 AD3d 1561, 1562 [4th Dept 2012], lv denied 19 NY3d 809 [2012]). In any event, defendant's contention lacks merit.
The SORA Risk Assessment Guidelines and Commentary (2006) (Guidelines) incorporates the Penal Law definition of physical injury in Penal Law § 10.00 (9), i.e., "impairment of physical condition or substantial pain" (see Guidelines at 8). "Of course substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Here, the People established substantial pain by clear and convincing evidence, and it is irrelevant that the crime to which defendant entered an Alford plea did not contain a physical injury component because "the court was not limited to considering only such crime[]" (People v Scott, 71 AD3d 1417, 1418 [4th Dept 2010], lv denied 14 NY3d 714 [2010]; see People v Sincerbeaux, 121 AD3d 1577, 1578 [4th Dept 2014], affd 27 NY3d 683 [2016]; see generally Correction Law § 168-n [3]; People v Jewell, 119 AD3d 1446, 1447 [4th Dept 2014], lv denied 24 NY3d 905 [2014]).
In his statement, the victim wrote that, after defendant stabbed him in the rectum with a toothbrush, the victim was "in severe pain and in shock" and was bleeding from his rectum. The victim thereafter had to undergo a colonoscopy and was in "severe pain and discomfort." In the offer of proof at the Alford plea, the prosecutor stated that the victim would testify at trial that he "suffer[ed] pain" as a result of the incident and was forced to seek medical attention. That [*2]evidence is thus "deemed established for the purposes of SORA classification" (People v Jones, 15 AD3d 929, 930 [4th Dept 2005]), and we conclude that the People established this risk factor by clear and convincing evidence (see Correction Law § 168-n [3]; People v Kruger, 88 AD3d 1169, 1170 [3d Dept 2011], lv denied 18 NY3d 806 [2012]).
Defendant further contends that the court erred in assessing him 30 points for a prior conviction of endangering the welfare of a child (EWC) because that conviction was "non-sexual in nature." Inasmuch as defendant "never specifically opposed the People's request for the scoring of points" under that risk factor, we conclude that defendant's contention is not preserved for our review (People v Gillotti, 23 NY3d 841, 854 [2014]; see Law, 94 AD3d at 1562). In any event, the contention lacks merit. There is no dispute that defendant has the prior conviction and, "without regard to whether the underlying [EWC] offense involved conduct that is sexual in nature," the court is required to assess 30 points for such a prior conviction (Sincerbeaux, 27 NY3d at 689). Where a prior EWC conviction is nonsexual in nature, the court is not empowered to reduce the point assessment. Rather, the court is permitted to grant a downward departure (see id. at 689 n 3). Defendant failed to meet his burden of proving "the existence of the mitigating circumstances" that would justify a downward departure (Gillotti, 23 NY3d at 864).
We reject defendant's further contention that the court erred in assessing 10 points based on his failure to accept responsibility. Although defendant correctly contends that an Alford plea is insufficient, on its own, to justify an assessment of points under that category (see People v Gonzalez, 28 AD3d 1073, 1074 [4th Dept 2006]), the People established by clear and convincing evidence that defendant thereafter " denied that he performed the criminal sexual act which formed the basis for the conviction' " (People v Wilson, 117 AD3d 1557, 1557 [4th Dept 2014], lv denied 24 NY3d 902 [2014]). Contrary to defendant's contention, we may consider his letter to the Probation Department, in which he denied all guilt and called the victim a liar, because it was attached as an enclosure to the People's January 2016 letter to the court, which is a part of the stipulated record on appeal (cf. People v Rosa, 217 AD2d 1013, 1013 [4th Dept 1995]). That letter, alone, justifies the assessment of points under this category. Even assuming, arguendo, that we could not consider the letter that defendant omitted from the record on appeal, we note that the prosecutor summarized the contents of that letter during the SORA hearing. We may consider the People's summary of the letter because reliable hearsay is permitted at SORA hearings (see People v Mingo, 12 NY3d 563, 574 [2009]).
Finally, we reject defendant's contention that the court erred in assessing 10 points for unsatisfactory conduct while confined. That assessment was based upon "a recent determination following a tier III hearing that was set forth in the case summary and that defendant [does not dispute] had been entered against him" (People v Ealy, 55 AD3d 1313, 1314 [4th Dept 2008], lv denied 11 NY3d 714 [2008]; see People v Williams, 100 AD3d 610, 610-611 [2d Dept 2012], lv denied 20 NY3d 859 [2013]; People v Mabee, 69 AD3d 820, 820-821 [2d Dept 2010], lv denied 15 NY3d 703 [2010]).
We thus conclude that "the court's determination of defendant's risk level is based on clear and convincing evidence, and we will not disturb it" (People v Warwick, 5 AD3d 1050, 1050 [4th Dept 2004], lv denied 3 NY3d 605 [2004]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court