People v McClendon (2019 NY Slip Op 06520)





People v McClendon


2019 NY Slip Op 06520


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08715

[*1]People of State of New York, respondent,
v
Lamar McClendon, appellant. Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Barbara Kahn, J.), dated May 21, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, the defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35[4]), course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]), and endangering the welfare of a child (Penal Law § 260.10[1]). Prior to his release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 120 points, which, if accepted by the court, would make him a presumptive level three sex offender. Insofar as relevant here, the Board assessed 15 points for risk factor 11 (drug or alcohol abuse, history of abuse) and did not assess any points for risk factor 1 (use of violence, used forcible compulsion). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court assessed the defendant a total of 130 points. The court assessed the defendant all of the points assessed by the Board, including 15 points under risk factor 11 for his history of drug and alcohol abuse. In addition, the court assessed the defendant10 points under risk factor 1 for the defendant's use of forcible compulsion. The court denied the defendant's request for a downward departure from the presumptive risk level, and designated the defendant a level three sex offender. The defendant appeals.
We agree with the Supreme Court's determination that clear and convincing evidence supported the assessment of points under risk factors 1 and 11. Through the victim's sworn grand jury testimony and written statement to the police, the People established by clear and convincing evidence that the defendant used forcible compulsion in the rape of the victim and in the course of sexual conduct against her (see People v Sincerbeaux, 27 NY3d 683, 688-689; People v Fontaine, 164 AD3d 533, 534; People v Fowara, 128 AD3d 932, 933). Although forcible compulsion was not an element of the offense to which the defendant pleaded guilty (see Penal Law § 130.35[4]), the court was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points (see SORA: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Sincerbeaux, 27 NY3d at 687-688; People v Fowara, 128 AD3d at 933; People v Snay, 122 AD3d 1012, 1013). Accordingly, we agree with the court's determination to assess 10 points under risk [*2]factor 1 (use of violence, used forcible compulsion). We also agree with the court's determination to assess points under risk factor 11 (drug or alcohol abuse, history of abuse) based upon the defendant's admissions that he had a history of drug and alcohol abuse and that he was abusing drugs at the time of the rape (see People v Perry, 165 AD3d 990, 991; People v Rosario, 164 AD3d 625, 626; People v Villanueva, 143 AD3d 794; People v Crandall, 90 AD3d 628, 629-630). The defendant's abstention from the use of alcohol and drugs during his incarceration does not render the assessment of points under risk factor 11 improper (see People v Moultrie, 147 AD3d 800, 801).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation. While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see People v Torres, 124 AD3d 744, 745-746; People v Migliaccio, 90 AD3d 879, 880), the defendant failed to submit evidence demonstrating that his response to any treatment was exceptional. Further, "[a]lthough advanced age' may constitute a basis for a downward departure" (People v Munoz, 155 AD3d 1068, 1069), the defendant failed to demonstrate that his age at the time of the SORA hearing, 60 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense, particularly since the rape of the victim took place when the defendant was 47 years old (see People v Tromba, 157 AD3d 915, 916; People v Munoz, 155 AD3d at 1069; People v DeJesus, 127 AD3d 1047, 1047; People v Shelton, 126 AD3d 959, 959-960; People v Harris, 93 AD3d 704, 706).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court