■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE R. MCCOLLUM, Appellant. [839 NYS2d 360]—

Appeal from an order of the Ontario County Court (Frederick G. Reed, J.), dated February 14, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). As defendant correctly contends, County Court's conclusion that the presumptive override for mental abnormality applies is not supported by clear and convincing evidence. The People's sole witness testified that defendant did not have a psychological, physical or

organic abnormality, thus establishing that the presumptive override did not apply.

Contrary to the further contention of defendant, however, the court properly determined that an upward departure to a level three risk was warranted. The People presented the requisite clear and convincing evidence "that there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Goodwin*, 35 AD3d 1285, 1285-1286 [2006]; *People v Kwiatkowski*, 24 AD3d 878, 879 [2005]). Here, the upward departure is supported by evidence of defendant's prior sexual misconduct, i.e., the admission of defendant that he previously had molested multiple children. Defendant was never convicted of those sex offenses (*see generally People v Heichel*, 20 AD3d 934, 935-936 [2005]), and thus the risk assessment guidelines do not adequately take that sexual misconduct into account. Furthermore, "[i]f the risk of a repeat offense is high and there is a threat to the public safety, a level three designation is appropriate" (*People v Gandy*, 35 AD3d 1163, 1164 [2006]; *see* Correction Law § 168-*l* [6] [c]; *Heichel*, 20 AD3d at 935). The People established that the mental condition of defendant "decreases his ability to control his impulsive sexual behavior . . . , causing defendant to pose a serious risk to public safety and justifying his classification as a level three risk" (*People v Andrychuk*, 38 AD3d 1242 [2007]). Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.