■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. JUDSON, Appellant. [855 NYS2d 694]—

Kane, J. Appeal from an order of the County Court of Tioga County (Sgueglia, J.), entered September 10, 2004, which classified defendant as a risk three sex offender pursuant to the Sex Offender Registration Act.

The facts of this case are set forth in this Court's prior decision where we withheld decision and assigned new appellate counsel (39 AD3d 946 [2007]). Essentially, defendant is appealing his sex offender risk level classification.

Initially, as County Court failed to issue an order setting forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3), we must reverse and remit for compliance with that statute (see People v Torchia, 39 AD3d 1137, 1138 [2007]; People v Miranda, 24 AD3d 909, 911 [2005]).

Additionally, we agree with defendant's contention that the record does not contain adequate evidence to support a finding that he engaged in a continuing course of sexual misconduct. Points for a continuing course of sexual misconduct may be assessed where there is proof that the offender engaged in multiple sexual acts with the same victim over specified time periods (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]). Although the People contend that the case summary supports assigning points to this risk factor, the case summary alone is not sufficient to satisfy the People's burden of proving the risk level assessment by clear and convincing evidence where, as here, defendant contested the factual allegations related to this risk factor (see People v Joslyn, 27 AD3d 1033, 1034 [2006]; People v Hill, 17 AD3d 715, 716 [2005]; see also Correction Law § 168-n [3]). Because defendant contested factual assertions in the case summary, County Court was required to hold a hearing on this contested issue, at which the People are permitted to present evidence concerning this factor (see Correction Law § 168-n [3]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.