■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUBEL, Appellant. [894 NYS2d 633]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 20, 2008. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, we conclude that Supreme Court properly assessed 25 points against defendant under the risk factor for sexual contact with the victim. The People met their burden of establishing by clear and convincing evidence that defendant engaged in deviate sexual intercourse, i.e., oral sexual contact (*see* § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [Nov. 1997]). We reject defendant's contention that the court erred in relying upon the facts set forth in the case summary in assessing points under that risk factor. It is well settled that "[t]he case summary constitutes reliable hearsay, which is properly considered by the court in determining a defendant's risk level" (*People v Sanney*, 56 AD3d 1220, 1220 [2008]; *see People v Vaughn*, 26 AD3d 776, 777 [2006]). Although "the case summary alone is not sufficient to satisfy the People's burden of proving the risk level assessment by clear and convincing evidence where . . . defendant contested the factual allegations related to [the] risk factor" in question (*People v Judson*, 50 AD3d 1242, 1243 [2008]), here, defendant did not challenge the allegations of oral sexual contact contained in the case summary. Rather, defendant contended only that the accusatory instruments did not include any allegations of oral sexual contact and that he was not convicted of sodomy. In assessing defendant's risk level, however, the court is "not limited to the crime of conviction" but may also properly consider, inter alia, the victim's statements (Risk Assessment Guidelines and Commentary, at 5).

We agree with defendant, however, that the court failed to comply with Correction Law § 168-n (3), pursuant to which the court was required to set forth the findings of fact and conclusions of law upon which it based its decision to grant the People's request for an upward departure to a level three risk. Here, in its decision the court merely recited in conclusory fashion that it reviewed all the relevant information presented

by the parties and accepted the findings contained in the risk assessment instrument and the case summary, and that recitation was insufficient to fulfill the statutory mandate (*see People v Cullen*, 53 AD3d 1105 [2008]). Inasmuch as the court's failure to set forth the findings of fact and conclusions of law upon which the court based its decision "preclud[es] meaningful appellate review of the propriety of the court's risk level assessment" (*People v Miranda*, 24 AD3d 909, 911 [2005]; *see People v Sanchez*, 20 AD3d 693, 695 [2005]), we reverse the order and remit the matter to Supreme Court for compliance with the statute (*see People v Smith*, 11 NY3d 797 [2008]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.