■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. GOSEK, Appellant. [951 NYS2d 790]—

Appeal from an order of the Oswego County Court (Walter W. Hafner, Jr., J.), dated August 24, 2009. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's upward departure from his presumptive classification as a level one risk to a level two risk is not supported by clear and convincing evidence (*see* § 168-n [3]). We reject that contention, inasmuch as the People presented the requisite evidence of aggravating factors " 'of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " to warrant the upward departure (*People v McCollum*, 41 AD3d 1187, 1188 [2007], *lv denied* 9 NY3d 807 [2007]). Here, the People presented clear and convincing evidence that defendant used the telephone to induce underage females to engage in sexual activity with him; that on one occasion he met with an undercover officer to arrange for the provision of drugs in exchange for sex; and that, on another occasion, he made arrangements to meet two females for sex, believing that they were 15 years of age, and he was arrested at the hotel where they were to meet. We further conclude that the court's "oral findings are supported by the record and sufficiently detailed to permit intelligent review; thus, remittal is not required despite defendant's accurate assertion regarding the court's failure to render an order setting forth the findings of fact . . . upon which its determination is based" (*People v Farrell*, 78 AD3d 1454, 1455 [2010]). Present—Scudder, P.J., Smith, Fahey, Lindley and Martoche, JJ.