# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1047**

**KA 12-00143**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN J. GOSEK, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Oswego County Court (Walter W.
Hafner, Jr., J.), dated August 24, 2009.  The order determined that
defendant is a level two risk pursuant to the Sex Offender
Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  On appeal from an order determining that he is a
level two risk pursuant to the Sex Offender Registration Act
(Correction Law § 168 *et seq.*), defendant contends that County Court's
upward departure from his presumptive classification as a level one
risk to a level two risk is not supported by clear and convincing
evidence (*see* § 168-n [3]).  We reject that contention, inasmuch as
the People presented the requisite evidence of aggravating factors
" 'of a kind, or to a degree, not otherwise adequately taken into
account by the [risk assessment] guidelines' " to warrant the upward
departure (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d
807).  Here, the People presented clear and convincing evidence that
defendant used the telephone to induce underage females to engage in
sexual activity with him; that on one occasion he met with an
undercover officer to arrange for the provision of drugs in exchange
for sex; and that, on another occasion, he made arrangements to meet
two females for sex, believing that they were 15 years of age, and he
was arrested at the hotel where they were to meet.  We further
conclude that the court's "oral findings are supported by the record
and sufficiently detailed to permit intelligent review; thus, remittal
is not required despite defendant's accurate assertion regarding the
court's failure to render an order setting forth the findings of fact
. . . upon which its determination is based" (*People v Farrell*, 78

AD3d 1454, 1455).

Entered:  September 28, 2012                Frances E. Cafarell
                                            Clerk of the Court