# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1048
KA 11-01154
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LUKE M. PERRAH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered April 26, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudicating him to be a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in making an upward departure to a risk level two from the presumptive level one risk. We reject that contention. An upward departure from a presumptive risk level is warranted where " 'there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807; *see People v Howe*, 49 AD3d 1302, 1302). "There must exist clear and convincing evidence of the existence of special circumstance[s] to warrant an upward or downward departure" (*People v Hamelinck*, 23 AD3d 1060, 1060 [internal quotation marks omitted]; *see People v Sawyer*, 78 AD3d 1517, 1518, *lv denied* 16 NY3d 704; *People v Gandy*, 35 AD3d 1163, 1164), and such evidence must be established by "[r]eliable hearsay," including case summaries, presentence reports, and grand jury testimony (*People v Mingo*, 12 NY3d 563, 572-573; *see People v Gardiner*, 92 AD3d 1228, 1229, *lv denied* 19 NY3d 801; *People v Alvarado*, 79 AD3d 1719, 1719, *lv denied* 16 NY3d 707).

Here, the court properly relied on the case summary, the presentence reports, and defendant's own testimony at the SORA hearing in determining that the upward departure was justified based upon two factors not reflected in the risk assessment instrument: (1) "defendant's denial or at least hedging about the prior sexual abuse"

- as evidenced by his denial of wrongdoing in his 2006 presentence report with respect to a conviction of endangering the welfare of a child, as well as his explanation of that crime in court; and (2) his "lack of candor about his own history of abuse," as evidenced by defendant's failure to disclose that abuse in connection with his first presentence report.  Furthermore, as the People correctly contend, defendant's commission of the instant offense while engaged in sex offender counseling for the prior offense demonstrated that counseling and probation supervision did not curb his dangerous propensities, and that is another factor not reflected in the risk assessment instrument.  The court's upward departure was thus amply supported by the record.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court