# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1246

KA 13-00378

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TIMOTHY SLOTMAN, DEFENDANT-APPELLANT.

---

LAW OFFICE OF SIMON F. MANKA, BUFFALO (SIMON F. MANKA OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered May 3, 2012. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified in the interest of justice by vacating defendant's designation as a sexually violent offender and as modified the order is affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The court properly considered statements in the case summary and presentence report in assessing risk factor points against him inasmuch as those statements constituted reliable hearsay (*see People v Shepard*, 103 AD3d 1224, 1224, *lv denied* 21 NY3d 856; *People v Perrah*, 99 AD3d 1257, 1257-1258, *lv denied* 20 NY3d 854; *see also People v Mingo*, 12 NY3d 563, 572-573).

Contrary to defendant's contention, the court properly assessed 20 points against him under risk factor 4, for continuing course of sexual misconduct, despite the fact that defendant pleaded guilty to only one count of rape in the second degree (Penal Law § 130.30 [1]). "[T]he court is 'not limited to the crime of conviction' " in assessing points for that risk factor (*People v Hubel*, 70 AD3d 1492, 1493; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]). Defendant also challenges the assessment of those points on the ground that they were not assessed based on reliable hearsay. We reject that challenge and conclude that the court properly considered as reliable hearsay defendant's

statement in the presentence report, as clarified by defense counsel during the hearing, that defendant had been having "inappropriate relations" with the victim for three years (*see Mingo*, 12 NY3d at 572-573; *see generally People v Chico*, 90 NY2d 585, 589). Contrary to defendant's further contention, the court also properly assessed 10 points against him under risk factor 8, for the age at which defendant committed his first act of sexual misconduct, based upon defendant's admission in the presentence report that he began abusing the victim when he was 19 years old (*see Mingo*, 12 NY3d at 572-573; *Chico*, 90 NY2d at 589). We therefore conclude that the People met their " 'burden of proving the facts supporting the risk level classification sought by clear and convincing evidence' " (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703). We further conclude that, under the circumstances of this case, the court properly rejected defendant's request for a downward departure inasmuch as defendant failed to present clear and convincing evidence of special circumstances justifying such treatment (*see id.*).

Finally, defendant contends that the court incorrectly designated him a "sexually violent offender" inasmuch as he was not convicted of a sexually violent offense within the meaning of Correction Law § 168-a (7) (b) (*see* § 168-a [3] [a]). Although defendant failed to preserve that contention for our review (*see People v Young*, 108 AD3d 1232, 1232, *lv denied* 22 NY3d 853, *rearg denied* ___ NY3d ___ [Dec. 17, 2013]), we nevertheless agree with him, and we therefore modify the order accordingly.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court