# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**796**
**KA 13-01805**
PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

THOMAS W. JEWELL, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CARL J. ROSENKRANZ OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered June 14, 2013. The order, among other things, determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). As a preliminary matter, we note that defendant did not preserve for our review his contention that County Court improperly considered the grand jury testimony of the victim and the presentence report because he failed to object at the hearing to the court's consideration of those materials, despite the court's explicit reliance thereon. In any event, it is well settled that a court may consider reliable hearsay, including grand jury testimony and presentence reports (*see People v Mingo*, 12 NY3d 563, 572-573; *People v Perrah*, 99 AD3d 1257, 1257-1258, *lv denied* 20 NY3d 854). Moreover, no foundation testimony or evidence is required with respect to a presentence report or grand jury minutes (*see Mingo*, 12 NY3d at 573). We further conclude that the victim's grand jury testimony was the type of "victim[] statement" that the court is required to consider in making its determination whether offered by either of the parties or not (Correction Law § 168-n [3]; *People v Law*, 94 AD3d 1561, 1563, *lv denied* 19 NY3d 809). We also conclude that, inasmuch as the court presided over defendant's criminal proceeding, the presentence report and the grand jury minutes were part of the court's official file, and the court "was empowered to contemplate facts" elicited during that previous proceeding (*People v Fredenberg*, 27 AD3d 970, 970; *see* § 168-n [3]).

We reject defendant's contention that the court failed to make

adequate written findings of fact supporting its determination that defendant is a level three risk. Here, "the court's 'oral findings are supported by the record and sufficiently detailed to permit intelligent review; thus, remittal is not required despite defendant's accurate assertion regarding the court's failure to render a[ written] order setting forth the findings of fact . . . upon which its determination is based' " (*People v Gosek*, 98 AD3d 1309, 1310).

Contrary to defendant's contention, the court did not err in assessing 25 points under risk factor 2 in the risk assessment instrument, for sexual contact with the victim, despite the fact that defendant pleaded guilty to two counts of attempted criminal sexual act in the second degree (Penal Law §§ 110.00, 130.45). "In assessing defendant's risk level . . . the court is 'not limited to the crime of conviction' " (*People v Hubel*, 70 AD3d 1492, 1493; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]). Here, the People met their burden of establishing by clear and convincing evidence, including reliable hearsay evidence such as the victim's grand jury testimony, the case summary, and the presentence investigation report, that defendant engaged in oral sexual conduct with the victim (*see Hubel*, 70 AD3d at 1493; *see generally Mingo*, 12 NY3d at 572-573). We also reject defendant's contention that the court erred in assessing 20 points under risk factor 4, for continuing course of sexual misconduct. Again, contrary to defendant's contention, "[t]he court is 'not limited to the crime of conviction' in assessing points for that risk factor" (*People v Slotman*, 112 AD3d 1332, 1333; *see* Risk Assessment Guidelines and Commentary, at 5). The reliable hearsay evidence presented by the People established that defendant engaged in two or more acts of sexual contact with the victim, at least one of which was an act of oral sexual contact, which were separated in time by at least 24 hours (*see* Risk Assessment Guidelines and Commentary, at 10). Contrary to defendant's further contention, the court properly assessed 10 points under risk factor 12, for failing to genuinely accept responsibility. The People established that defendant blamed the victim, " 'minimized the underlying sexual offense[,] and . . . denied that he performed the criminal sexual act [that] formed the basis for the conviction' during an interview with the Probation Department" (*People v Wilson*, 117 AD3d 1557, 1557; *see People v Baker*, 57 AD3d 1472, 1473, *lv denied* 12 NY3d 706). We thus conclude that "the People established by clear and convincing evidence that defendant 'fail[ed] to genuinely accept responsibility for his conduct as required by the risk assessment guidelines' " (*Wilson*, 117 AD3d at 1557).

Defendant's constitutional challenge to the court's assessment of 15 points under risk factor 14, for being released without official supervision, is not properly before us because there is no indication in the record that the Attorney General was given the requisite notice (*see* Executive Law § 71). In any event, it is well established that "a SORA risk-level determination is not part of a defendant's sentence . . . Rather, it is a collateral consequence of a conviction for a sex offense designed not to punish, but . . . to protect the public" (*People v Windham*, 10 NY3d 801, 802).

Finally, contrary to defendant's contention, the remoteness of his prior felony conviction is adequately taken into account by the risk assessment instrument and therefore is not, as a matter of law, a mitigating factor to be considered by the court in departing from the presumptive risk level (*see People v Wyatt*, 89 AD3d 112, 130-131, *lv denied* 18 NY3d 803).

Entered:  July 11, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court