The People of the State of New York, Respondent,
against
Keith Paladin, Appellant.




New York City Legal Aid Society (Ellen Dille, Esq.), for appellant.
District Attorney Queens County (John M. Castellano, Johnnette Traill, Jeanette Lifschitz, Tina Grillo of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), entered October 21, 2013. The order, after a hearing, designated defendant a level three sex offender pursuant to Correction Law article 6-C.




ORDERED that the order is modified by providing that defendant is designated a level two sex offender; as so modified, the order is affirmed, without costs.
Defendant pleaded guilty to two charges of sexual abuse in the second degree (Penal Law § 130.60 [1]). At a Sex Offender Registration Act (SORA) hearing conducted pursuant to Correction Law § 168-n, defendant challenged the risk assessment instrument's assessment of 10 points under risk factor 1; 20 points under risk factor 7; and 15 points under risk factor 11. The risk assessment instrument assessed defendant with an additional 70 points under the remaining applicable risk factors, which assessment defendant did not challenge. Following the hearing, the Criminal Court rejected defendant's challenges, assessed defendant with a score of 115 points and designated defendant a level three sex offender.
In establishing a sex offender's appropriate risk level assessment under SORA, "[t]he People have the burden of proving facts supporting the determination sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 572 [2009]; People v Wells, 138 AD3d 947 [2016]).
The risk assessment instrument provides for the assessment of 10 points under risk factor 1 if the defendant used forcible compulsion during the alleged incident. The People introduced the felony complaint, such complaints being routinely relied upon by courts in assessing points under SORA (see Mingo, 12 NY3d at 573), to establish that defendant, who was 40 years old at the time of the incident, had used forcible compulsion when he had grabbed and threw an 11-year-old female against a wall, and then had threatened to hurt her if she screamed. It is evident that defendant used physical force (see Penal Law § 130.00 [8] [a]) to compel the child to comply with his sexual advances. Thus, contrary to defendant's contention, the People established by [*2]clear and convincing evidence that defendant had used forcible compulsion, thereby justifying the court's assessment of 10 points under risk factor 1. We note that the Criminal Court was not limited to considering the offense to which defendant had pleaded guilty, which offense did not contain an element of forcible compulsion (see People v Fowara, 128 AD3d 932, 933 [2015]).
In assessing points based on the risk assessment instrument, evidence may be derived from case summaries prepared by the Board of Examiners of Sex Offenders (see Mingo, 12 NY3d at 571-573; People v Hill, 17 AD3d 715 [2005]). However, information found in a case summary need not be credited, and may be rejected when the information is unduly speculative, or its accuracy is undermined by more compelling evidence (see Mingo, 12 AD3d at 573). Moreover, a case summary, standing alone, will not suffice to satisfy the People's burden of proving a risk level assessment by clear and convincing evidence where a defendant has contested the factual assertions contained therein (see People v Coger, 108 AD3d 1234 [2013]; People v Judson, 50 AD3d 1242 [2008]). In this case, we find that the People failed to satisfy their burden of proof with respect to risk factor 7 since defendant contested the fact that he was a stranger to at least one of the victims, and there was no other evidence presented by the People at the hearing to establish that defendant was, in fact, a stranger to these children. Subtracting the 20 points assessed in the risk assessment instrument and adopted by the court under risk factor 7 results in a risk assessment score of 95, rendering defendant a presumptive level two sex offender.
With respect to risk factor 11 (drug or alcohol abuse), even were we to accept defendant's argument concerning the improper assessment of 15 points for having a history of drug or alcohol abuse, defendant's presumptive classification as a level two sex offender would not change, since after deducting those points, he would still be assessed a total 80 points, which is within the level two range of 75 to 105 points.
Defendant's remaining contention—that the People failed to turn over grand jury minutes to him—is unpreserved for appellate review (see Wells, 138 AD3d at 951). In any event, it does not appear from the record that the grand jury minutes were introduced as evidence at the SORA hearing or that the Criminal Court relied upon grand jury minutes when assessing the risk factors in this case.
Accordingly, the order is modified by providing that defendant is designated a level two sex offender.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2017