People v Badgley (2019 NY Slip Op 03218)





People v Badgley


2019 NY Slip Op 03218


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


506 KA 18-01284

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BADGLEY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY N. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), entered April 4, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that County Court abused its discretion in granting the People's request for an upward departure to a level three risk. "It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (People v Cardinale, 160 AD3d 1490, 1490-1491 [4th Dept 2018] [internal quotation marks omitted]). Here, we conclude that the court properly granted the People's request for an upward departure based on clear and convincing evidence of certain aggravating factors, including, inter alia, the lengthy period of time in which defendant viewed child pornography (see People v Eiss, 158 AD3d 905, 906 [3d Dept 2018], lv denied 31 NY3d 907 [2018]; People v Varin, 158 AD3d 1311, 1311-1312 [4th Dept 2018], lv denied 31 NY3d 905 [2018]), the fact that he actively searched and traded child pornography with others online (see People v Houck, — AD3d &mdash, &mdash, 2019 NY Slip Op 02223, *2 [4th Dept 2019]), his "crossover between both molesting children and masturbating to child pornography" (see generally People v Agarwal, 96 AD3d 1450, 1451 [4th Dept 2012]), and his underlying mental health issues (see People v McCollum, 41 AD3d 1187, 1188 [4th Dept 2007], lv denied 9 NY3d 807 [2007]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court