People v Potts (2020 NY Slip Op 00780)





People v Potts


2020 NY Slip Op 00780


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1282 KA 19-00153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN C. POTTS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered October 22, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk under the Sex Offender Registration Act ([SORA]; Correction Law § 168 et seq.). Contrary to defendant's contention, we conclude that County Court properly determined that defendant is a level two risk. It is well settled that a SORA "court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]; see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]). We conclude that the People established the existence of such an aggravating factor by clear and convincing evidence and that the upward departure was warranted under the totality of the circumstances (see People v Castaneda, 173 AD3d 1791, 1793 [4th Dept 2019], lv denied 34 NY3d 929 [2019]).
The case summary alleged the existence of a pending federal fraud charge that was based on allegations that defendant had hacked into the private internet accounts of numerous women to obtain nude or semi-nude photographs of the women. The case summary further alleged that he stored images of multiple women in his computer organized in folders using female names. According to the case summary, "[t]here were over 350 individual folders containing well over 1,000 images." It is well settled that a case summary constitutes reliable hearsay and may be used in SORA hearings (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 573 [2009]). Defendant contends that the court should not have credited the information contained in the case summary, yet he did not present any "compelling evidence" to cause the court to reject the allegations (Mingo, 12 NY3d at 573). Moreover, neither defendant's attorney nor defendant's uncle, who spoke at the hearing, denied the underlying allegations of the pending federal charge. Rather, in contending that the charge amounted to "hacking" and showed nothing more than "a college kid looking around on the internet for sexy pictures," they challenged the import of the allegations, not their veracity. Where, as here, "the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination" (People v Guzman, 96 AD3d 1441, 1442 [4th Dept 2012], lv denied 19 NY3d 812 [2012]; see People v Vaillancourt, 112 AD3d 1375, 1375-1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]).
We further conclude that the upward departure was warranted inasmuch as the [*2]aggravating factor establishes an increased risk of sexual recidivism that was not adequately taken into account by the risk assessment instrument (see Abraham, 39 AD3d at 1209; People v Shattuck, 37 AD3d 1041, 1042 [4th Dept 2007], lv denied 8 NY3d 811 [2007]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court