People v Maund (2020 NY Slip Op 02011)





People v Maund


2020 NY Slip Op 02011


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


357 KA 18-01953

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY MAUND, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 26, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We agree with defendant that the People failed to prove by the requisite clear and convincing evidence that he had committed a continuing course of sexual misconduct, i.e., risk factor 4 on the risk assessment instrument (RAI) (see generally § 168-n [3]; People v Mingo, 12 NY3d 563, 571 [2009]). The sole evidence presented by the People in support of that risk factor was the case summary prepared by the Board of Examiners of Sex Offenders. At the SORA hearing, however, defendant specifically denied the allegation within the case summary that he engaged in a continuing course of sexual misconduct, and instead testified that he engaged in one instance only. Indeed, it is undisputed that defendant was charged with and pleaded guilty to one count of rape in the third degree (Penal Law § 130.25 [2]) stemming from a specific instance of intercourse that occurred on one specified day. We conclude that "the case summary alone is not sufficient to satisfy the People's burden of proving the risk level assessment by clear and convincing evidence where, as here, defendant contested the factual allegations related to [the] risk factor" (People v Judson, 50 AD3d 1242, 1243 [3d Dept 2008]; see People v Hubel, 70 AD3d 1492, 1493 [4th Dept 2010]; cf. People v Bethune, 108 AD3d 1231, 1231-1232 [4th Dept 2013], lv denied 22 NY3d 853 [2013]).
Thus, Supreme Court erred in assessing 20 points on the RAI for risk factor 4 and defendant's score on the RAI must be reduced from 110 to 90, rendering him a presumptive level two risk (see generally People v Coger, 108 AD3d 1234, 1236 [4th Dept 2013]). We therefore modify the order accordingly.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court