People v Cremeans (2021 NY Slip Op 02900)





People v Cremeans


2021 NY Slip Op 02900


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


187 KA 20-00419

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER CREMEANS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered December 4, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant, who relocated to New York State having been previously convicted in New Hampshire upon his plea of guilty of a sex offense against two child victims, appeals from an order determining that he is a level two risk and a sexually violent offender. We affirm.
Defendant contends that Supreme Court erred in designating him a sexually violent offender, as recommended by the Board of Examiners of Sex Offenders (Board), on the basis that his New Hampshire conviction of aggravated felonious sexual assault included all the essential elements of the New York offense of course of sexual conduct against a child in the first degree. We reject that contention. A sexually violent offender is a sex offender who has been convicted of a sexually violent offense as defined under SORA (see Correction Law § 168-a [7] [b]). As relevant here, a sexually violent offense includes "a conviction of an offense in any other jurisdiction which includes all of the essential elements" of certain enumerated felony sex offenses (§ 168-a [3] [b]), such as course of sexual conduct against a child in the first degree in violation of Penal Law § 130.75 (see Correction Law § 168-a [3] [a] [i]). The essential elements test "requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap . . . In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]; see People v Perez, 35 NY3d 85, 92-94 [2020], rearg denied 35 NY3d 986 [2020]; People v Bullock, 125 AD3d 1, 3 [1st Dept 2014], lv denied 24 NY3d 915 [2015]).
Here, a comparison of the elements of defendant's New Hampshire conviction of aggravated felonious sexual assault (NH Rev Stat Ann
§ 632-A:2 [III]; see §§ 632-A:1 [I-c], [IV], [V] [a] [3], [5]; 632-A:2 [I] [l]; 632-A:3 [III] [a] [1]) and the New York offense of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a], [b]; see § 130.00 [2] [a], [b]; [3]) "reflects considerable but not exact overlap" (Perez, 35 NY3d at 96). Inasmuch as "the offenses overlap but the New [Hampshire] offense also criminalizes conduct that may not be covered under the New York offense, we may 'review the conduct underlying the foreign conviction to determine if that conduct is, in fact, [*2]within the scope of the New York offense' " (id. at 96-97, quoting North, 8 NY3d at 753).
Upon conducting that review, we conclude that defendant's conduct underlying the New Hampshire conviction of aggravated felonious sexual assault is, in fact, within the scope of the New York offense of course of sexual conduct against a child in the first degree. It is undisputed that both victims were less than 11 years old at the time of the underlying conduct (see Penal Law § 130.75 [1] [a]). In addition, the statements of the older victim and defendant in the case summary and defendant's admission, upon which the court properly relied as relevant "reliable hearsay evidence submitted by either party" (Correction Law § 168-k [2]; see Perez, 35 NY3d at 95), constitute clear and convincing evidence (see generally § 168-k [2]; Bullock, 125 AD3d at 3) that the underlying conduct occurred over a period greater than three months and, indeed, occurred over several years (see Penal Law § 130.75 [1] [a]). Next, contrary to defendant's contention, the statements in the case summary constitute clear and convincing evidence of defendant's acts of sexual conduct, including at least one act of oral sexual conduct as alleged in the New Hampshire indictments, inasmuch as the older victim stated that defendant made her perform oral sex on him and defendant admitted that he engaged in acts of oral sex with the younger victim (see id.). Despite defendant's representations to the contrary, he did not challenge the veracity of the statements in the case summary or deny that he had engaged in oral sexual conduct with the victims (see People v Potts, 179 AD3d 1536, 1537 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; People v Hubel, 70 AD3d 1492, 1493 [4th Dept 2010]; cf. People v Maund, 181 AD3d 1331, 1331 [4th Dept 2020]; see generally People v Diaz, 34 NY3d 1179, 1181 [2020]). "Where, as here, 'the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination' " (Potts, 179 AD3d at 1537). Based on the foregoing, we conclude that defendant's New Hampshire conviction of aggravated felonious sexual assault is tantamount under the essential elements test to the New York offense of course of sexual conduct against a child in the first degree, and the court therefore properly designated defendant a sexually violent offender (see Correction Law §§ 168-a [3], [7] [b]; 168-k [2]).
Defendant further contends that the court erred in determining that he is a level two risk. Contrary to defendant's assertion, the court did not err in assessing 25 points under risk factor 2, for sexual contact with the victims, inasmuch as the statements in the case summary constitute clear and convincing evidence that defendant engaged in oral sexual conduct with the victims (see People v Jewell, 119 AD3d 1446, 1448 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; Hubel, 70 AD3d at 1493). Contrary to defendant's additional assertion, the court properly assessed 20 points under risk factor 4, for continuing course of sexual misconduct, inasmuch as "[t]he reliable hearsay evidence presented by the People [constituted clear and convincing evidence] that defendant engaged in two or more acts of sexual contact with the victim[s], at least one of which was an act of oral sexual contact, which were separated in time by at least 24 hours" (Jewell, 119 AD3d at 1448; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Davis, 145 AD3d 1625, 1626 [4th Dept 2016], lv dismissed 29 NY3d 976 [2017]).
Finally, even assuming, arguendo, that defendant surmounted the first two steps of the downward departure analysis (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we reject his contention that a downward departure from his presumptive risk level is warranted under the circumstances of this case. Upon weighing the mitigating circumstances against the aggravating circumstances—most prominently "the nature and duration of the sexual abuse, including the victim[s'] young age[s] when the abuse began and defendant's exploitation of his [familial] relationship of trust with the victim[s]" (People v Botindari, 107 AD3d 1607, 1608 [4th Dept 2013]; see People v Montes, 134 AD3d 1083, 1083-1084 [2d Dept 2015], lv denied 27 NY3d 904 [2016]; People v May, 77 AD3d 1388, 1388 [4th Dept 2010])—we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court