People v Henson (2023 NY Slip Op 01017)

People v Henson

2023 NY Slip Op 01017

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-13543

[*1]The People of the State of New York, respondent,
v
Harold Henson, appellant. 

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Rachel A. Cregier on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne Melendez, J.), dated November 8, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure from his presumptive risk level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776, quoting People v Jones, 196 AD3d 515, 515 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 128; People v Gillotti, 23 NY3d 841, 861; People v Emery, 204 AD3d 944, 944-945; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's SORA dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Gillotti, 23 NY3d at 861; People v Jones, 196 AD3d at 516; People v Brunjes, 174 AD3d 747, 747-748; People v Dixon, 167 AD3d 1052, 1053).
Here, the defendant failed to demonstrate that the assessment of points under risk factor 9 for a prior violent felony conviction resulted in an overassessment of his risk level. "[T]he temporal remoteness of a prior felony conviction does not qualify as a mitigating factor for a downward departure" (People v Sofo, 168 AD3d at 892; see People v Jewell, 119 AD3d 1446, 1448-1449; see also People v Medina, 209 AD3d at 776; People v Emery, 204 AD3d at 945).
The defendant's remaining contentions as to why he should have been granted a downward departure are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court