People v Donshik (2023 NY Slip Op 02186)

People v Donshik

2023 NY Slip Op 02186

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

SCID No. 70035/22 Appeal No. 132 Case No. 2022-02446 

[*1]The People of the State of New York, Respondent,
v
Gregg Donshik, Defendant-Appellant.

Law Office of John E. Finnegan LLC, New City (John E. Finnegan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 21, 2017, which adjudicated defendant a level two offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the facts and as a matter of discretion in the interest of justice, to the extent of reducing the adjudication to level one, and otherwise affirmed, without costs.
The record does not support the court's upward departure from defendant's presumptive risk level in this case. We find, from all the circumstances, including the People's failure to meet their burden in support of an upward departure of proving certain facts by clear and convincing evidence, that the departure overassessed defendant's actual risk of recidivism.
In its 2012 Scoring of Child Pornography Cases Position Statement, the Board of Examiners of Sex Offenders recognized that, under the Guidelines, virtually every sex offender convicted of a child pornography crime would be assessed points under factor three (number of victims) and factor seven (stranger-type relationship). The Board recognized that this could produce an anomalous result "as the majority of offenders convicted of child pornography offenses will be scored the same when there are clearly vast differences amongst these types of offenders." To "more accurately reflect the risk of a repeat offense and threat posed to public safety," the Board set forth a nonexhaustive list of nine factors to be considered in determining whether a departure should be granted from the presumptive level in a child pornography case. As to several of these factors, the Board provided some parenthetical guidance on how the factors should be applied. For example, with regard to "the number of images possessed," the Board stated, in parentheses, that "10,000 is more concerning than < 100."
 In this case, the court assessed a total of 70 points, which correlates with a presumptive level one classification. Specifically, the court assessed 30 points for "three or more victims" under factor three; 20 points for "age of victim, 11 through 16" under factor five; and 20 points for "stranger relationship" under factor seven. In granting the People's request for an upward departure to level two, the court implicitly invoked four of the factors enumerated in the position statement. In particular, the court granted the upward departure based on (1) the number of images possessed; (2) the length of time the offender has been collecting/viewing child pornography; (3) paid subscriptions to access child pornography; and (4) the nature of images.
 Our review of the record persuades us that the court should not have relied on the number of images factor or the length of time factor to enhance defendant's risk level.
 The upward departure imposed was based, in part, on a finding that "defendant admitted that his collection contained over 100 images." In the first instance, this finding was not supported by clear and convincing [*2]evidence. While this representation appears in the Board's case summary, it is not supported by the two documents related to defendant's federal conviction that are part of the record in this case. Instead, these documents — an affidavit in support of the federal criminal complaint and a factual proffer — both state that defendant declined to speak with law enforcement regarding the facts of the case. Because there is no known original source for the allegation and the record affirmatively indicates that defendant made no admissions regarding the particulars of the offense, the allegation that defendant possessed more than 100 images is not supported by clear and convincing evidence (see People v Maund, 181 AD3d 1331, 1331 [4th Dept 2020]).
The court also mistakenly found that defendant's account on the child pornography website was "active between June 28, 2016 and December 20, 2017." The record demonstrates that this time period was the period during which defendant had an account with his Internet provider. As to the duration of defendant's activity on the website, the record established a period from November 15, 2017, the date he registered, to December 20, 2017, a total of 35 days. Thus, the court's conclusion that defendant was active on the website for a year and a half was also not supported by clear and convincing evidence. Notably, the position statement's guidance with regard to the length of time an offender collected or viewed child pornography states, "i.e. [greater than] 6 months." Based on this benchmark, the court should not have concluded that 35 days of website activity militated in favor of an upward departure.
The balance of the record does not support an upward departure. Defendant immediately accepted responsibility and sought out relevant treatment. The Board reasonably found, based on the medical and other evidence, that there were no indicators that defendant had a propensity to sexually abuse children, that he had done so in the past, or that he would have a difficult time refraining from accessing child pornography in the future. Considering the record as a whole, in light of our determination that the court improperly relied on the factors indicated, we find that the court improvidently exercised its discretion in granting the People's application for an upward departure.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023