People v Maelzner (2023 NY Slip Op 03204)

People v Maelzner

2023 NY Slip Op 03204

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Ind. No. SMZ-70710/21 Appeal No. 467 Case No. 2022-04326 

[*1]The People of the State of New York, Respondent,
v
Lothar Maelzner, Defendant-Appellant.

Miedel & Mysliwiec LLP, New York (Florian Miedel of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about September 15, 2022, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supports the court's discretionary upward departure (see People v Gillotti, 23 AD3d 841, 861-862 [2014]), and the record is sufficient to allow appropriate factual findings and legal conclusions in that regard (see e.g., People v Larkin, 66 AD3d 592 [1st Dept 2009], lv denied 14 NY3d 704 [2010]). The evidence supported a concern for public safety and the potential for reoffense under all the circumstances.
Defendant possessed over 27,000 images and 13 videos of child pornography that he had collected from the dark web (which provides greater access to pornography than the ordinary Internet) over a period of three to four years (see People v Wanko, 193 AD3d 430 [1st Dept 2021], lv denied 37 NY3d 910 [2021]; People v Almonte, 175 AD3d 1203 [1st Dept 2019]). These factors distinguish this case from our recent decision in People v Donshik (215 AD3d 597 [1st Dept 2023]). The images in defendant's possession depicted children ranging from 6 to 16 years old and involved disturbing content. Furthermore, during an interview with Homeland Security agents defendant made admissions about an incident in which he appeared to be interested in paying for sex with a minor. The unremarkable mitigating factors cited by defendant failed to outweigh the aggravating factors supporting an upward departure. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023