People v Heffernan (2023 NY Slip Op 03656)

People v Heffernan

2023 NY Slip Op 03656

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND OGDEN, JJ.

574 KA 22-00779

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD J. HEFFERNAN, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Jennifer M. Noto, J.), dated March 11, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk and a sexually violent offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.).
Defendant contends that County Court erred in assessing points under risk factor 11. We reject that contention. Pursuant to the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006), "offenders are assessed 15 points under risk factor 11 if they have a history of drug or alcohol abuse or if they were abusing drugs or alcohol at the time of the sex offense" (People v Palmer, 20 NY3d 373, 376 [2013]; see People v Richardson, 197 AD3d 878, 879 [4th Dept 2021], lv denied 37 NY3d 918 [2022]). Here, the People established that defendant admitted to using alcohol, marihuana, crack cocaine, LSD, and hallucinogenic mushrooms, that while incarcerated he sought treatment for substance abuse, and that defendant's discharge summary from sex offender treatment while incarcerated included a recommendation that he receive additional substance abuse treatment upon his release from custody. Thus, the court properly assessed points under risk factor 11 because the People established, by clear and convincing evidence, a "pattern of drug or alcohol use in . . . defendant's history" evincing a history of substance abuse (People v Kowal, 175 AD3d 1057, 1057 [4th Dept 2019] [internal quotation marks omitted]; see People v Turner, 188 AD3d 1746, 1746-1747 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). Although the Board of Examiners of Sex Offenders (Board) did not recommend assessing defendant points under risk factor 11, their determination that defendant would "be scored conservatively" under that risk factor is not dispositive inasmuch as the "court is not bound by the Board's recommendations but, rather, must make its own determinations based on the evidence" (People v Cook, 29 NY3d 121, 125 [2017]; see People v Perez, 35 NY3d 85, 92 [2020], rearg denied 35 NY3d 986 [2020]).
Contrary to defendant's further contention, we conclude that the court did not err in granting the People's request for an upward departure from defendant's presumptive classification as a level two risk to a level three risk. It is well settled that a SORA "court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[, the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Potts, 179 AD3d 1536, 1536 [4th Dept 2020], lv denied 35 NY3d 908 [2020] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]). We conclude that [*2]the People established the existence of such an aggravating factor by clear and convincing evidence and that the upward departure was warranted under the totality of the circumstances (see generally People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018]; People v Calderon, 126 AD3d 1383, 1383-1384 [4th Dept 2015], lv denied 25 NY3d 909 [2015]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court