People v Davis

2026 NY Slip Op 02140

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Dwayne Davis, appellant. Lori Golombek, Mineola, NY, for appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-11677

Francesca E. Connolly, J.P.

Cheryl E. Chambers

William G. Ford

James P. McCormack, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Ariel Gootkin on the brief), for respondent.

[*1]

DECISION & ORDER

Appeal by defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated September 15, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 95 points on the risk assessment instrument. The court also applied an automatic override based on the defendant's prior felony conviction of a sex crime, resulting in a presumptive designation as a level three sex offender, in effect, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.

Since it was undisputed that the defendant had previously been convicted of a felony sex crime, he was presumptively a level three sex offender pursuant to an automatic override (see People v McGuire, 244 AD3d 1261, 1262; People v Berry, 138 AD3d 945, 946). However, a court may depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, "although such departures are the exception, and not the rule" (People v Simmons, 170 AD3d 904, 904; see People v Johnson, 135 AD3d 720, 721).

A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor or factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735).

Here, the temporal remoteness of the defendant's prior sex crime conviction was [*2]adequately taken into account by the Guidelines (see People v Sang Wong, 242 AD3d 1133, 1135; People v Henson, 213 AD3d 958, 958).

Accordingly, the Supreme Court properly, in effect, denied the defendant's application for a downward departure and designated him a level three sex offender.

CONNOLLY, J.P., CHAMBERS, FORD and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court